NUMBER 13-10-00179-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


IRA TERREL ROBERTS, Appellant,

 

v.


THE STATE OF TEXAS, Appellee.

 




On appeal from the 252nd District Court
of Jefferson County, Texas.

 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Yañez and Garza


Memorandum Opinion by Justice Garza



 On March 19, 2009, appellant Ira Terrel Roberts was indicted on one count of
evading arrest or detention with a vehicle, a state jail felony. See Tex. Penal Code Ann.
§ 38.04(a), (b)(1)(B) (Vernon Supp. 2009). Pursuant to the terms of a plea agreement,
Roberts pleaded guilty to the offense and was placed on deferred adjudication community
supervision for a period of three years. See Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a)
(Vernon Supp. 2009). On January 13, 2010, the State filed a motion to revoke Roberts's
community supervision, alleging that Roberts had committed six different violations of the
terms of his community supervision. Roberts pleaded "true" to three of the allegations
contained in the motion and "not true" to the other three. He was then adjudicated guilty
of the underlying offense and sentenced to two years' confinement in the Institutional
Division of the Texas Department of Criminal Justice. The trial court certified Roberts's
right to appeal, and this appeal followed. (1) We affirm.

I. Anders Brief

 Roberts's court-appointed appellate counsel has filed a motion to withdraw and a
brief in support thereof in which she states that she has diligently reviewed the entire
record and that "[t]here are no arguable points of error, fundamental or otherwise, upon
which [Roberts] could obtain relief from the conviction in the trial court . . . ." See Anders
v. California, 386 U.S. 738 (1967). Counsel's brief meets the requirements of Anders as
it presents a professional evaluation showing why there are no arguable grounds for
advancing an appeal. See In re Schulman, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App.
2008) (orig. proceeding); Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App.
1991) (en banc).

 In compliance with High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.]
1978), counsel has carefully discussed why, under controlling authority, there are no errors
in the trial court's judgment. Counsel has informed this Court that she has (1) examined
the record and has found no arguable grounds to advance on appeal, (2) served a copy
of the brief and motion to withdraw on Roberts, and (3) informed Roberts of his right to
review the record and to file a pro se response. (2) See Anders, 386 U.S. at 744; Stafford,
813 S.W.2d at 510 n.3. More than an adequate time has passed, and no pro se response
has been filed.

II. Independent Review

 Upon receiving an Anders brief, we must conduct a full examination of all the
proceedings to determine whether the case is wholly frivolous. Penson v. Ohio, 488 U.S.
75, 80 (1988). We have reviewed the record and find that the appeal is wholly frivolous
and without merit. See Bledsoe v. State, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005)
("Due to the nature of Anders briefs, by indicating in the opinion it considered the issues
raised in the brief and reviewed the record for reversible error but found none, the court of
appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); Stafford, 813
S.W.2d at 509. Accordingly, we affirm the judgment of the trial court.

III. Motion to Withdraw

 In accordance with Anders, Roberts's counsel has filed a motion to withdraw. See
Anders, 386 U.S. at 744; see also In re Schulman, 252 S.W.3d at 408 n.17 (citing Jeffery
v. State, 903 S.W.2d 776, 779-80 (Tex. App.-Dallas 1995, no pet.) ("If an attorney believes
the appeal is frivolous, he must withdraw from representing the appellant. To withdraw
from representation, the appointed attorney must file a motion to withdraw accompanied
by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We
grant the motion to withdraw.

 We further order that counsel must, within five days of the date of this opinion, send
a copy of the opinion and judgment to Roberts and advise him of his right to file a petition
for discretionary review. (3) See Tex. R. App. P. 48.4; see also In re Schulman, 252 S.W.3d
at 412 n.35; Ex parte Owens, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).


 ________________________

 DORI CONTRERAS GARZA,

 Justice


Do Not Publish.

Tex. R. App. P. 47.2(b)

Delivered and filed the

12th day of August, 2010.
1. This appeal was transferred to this Court from the Ninth Court of Appeals pursuant to a docket
equalization order issued by the Texas Supreme Court. See Tex. Gov't Code Ann. § 73.001 (Vernon 2005).
2. The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the
rules of appellate procedure in order to be considered. Rather, the response should identify for the court
those issues which the indigent appellant believes the court should consider in deciding whether the case
presents any meritorious issues." In re Schulman, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting
Wilson v. State, 955 S.W.2d 693, 696-97 (Tex. App.-Waco 1997, no pet.)).
3. No substitute counsel will be appointed. Should Roberts wish to seek further review of this case by
the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review
or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty
days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. 
See Tex. R. App. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will
be forwarded to the Texas Court of Criminal Appeals. See Tex. R. App. P. 68.3, 68.7. Any petition for
discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate
Procedure. See Tex. R. App. P. 68.4.